[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION FOR MODIFICATION
Defendant father moves by motion dated August 28, 1995 for Modification of Child Support.
The court finds that a court order without prejudice was entered on June 26, 1995 requiring the defendant to pay to the plaintiff-custodian of the minor child support in the sum of $300.00 per week.
The court further finds that the defendant lives in California; that he was not present at the prior hearing when the support order without prejudice was entered.
This court, after hearing the parties and their evidence, viewing the exhibits and hearing the argument of the counsel enters the following findings:
That the defendant father non-custodial parent has a net weekly wage of $975.00; that the custodial mother is not presently employed and has not been gainfully employed for about seven years; that, the mother has no disabilities that prevent her employment; that, she has had prior employment and has skills useful for employment; that, the parties have one child that is attending school.
The court also finds that there is a substantial difference in the financial situation of the parties from that indicated at the June 26, 1995 child support hearing, as compared to the financial situation at the present hearing in that the defendant father's net weekly income is $975.00; that the plaintiff, custodial mother has a gross income of $700.00 to $1,000.00 per month; that, the child support obligation of the non-custodial father should be modified downward to be within the guidelines.
Therefore, it is the pendente lite order of this court that, the non-custodial father is to pay to the custodial mother as child support pendente lite the sum of $215.00 per week. The CT Page 11619 custodial mother is to continue to provide the primary medical insurance coverage for the minor child, with the defendant father to provide secondary medical insurance coverage.
These orders are to be effective as of October 16, 1995.
JULIUS J. KREMSKI STATE TRIAL REFEREE